Michael G. CRAMER, Plaintiff-
Appellant,

v.

Nancy A. BERRYHILL, Acting
Commissioner Social Security,
Defendant-Appellee.

No. 16-35215

United States Court of Appeals,
Ninth Circuit.

Submitted December 11, 2017 *

Filed December 13, 2017

Eitan Kassel Yanich, Olympia, WA, for
Plaintiff-Appellant

Helen J. Brunner, Esquire, Assistant
U.S. Attorney, Kerry Keefe, Assistant U.S.
Attorney, DOJ-Office of the U.S. Attorney,
Seattle, WA, Heather L. Griffith, Assistant
Regional Counsel, Social Security Adminis-
tration, Office of the General Counsel, Se-
attle, WA, for Defendant-Appellee

Before: THOMAS, Chief Judge, and
TROTT and SILVERMAN, Circuit
Judges

MEMORANDUM **

Michael Cramer appeals the district
court's decision affirming the Commission-
er of Social Security's denial of Cramer's
application for disability insurance benefits
and supplemental security income under
Titles II and XVI of the Social Security
Act. We have jurisdiction under 28 U.S.C.
§ 1291. We review de novo, *Rounds v.
Comm'r of Soc. Sec. Admin.*, 807 F.3d 996,
1002 (9th Cir. 2015), and we affirm.

Substantial evidence supports the deter-
mination by the Administrative Law Judge
(ALJ) that Cramer's hepatitis C and de-
generative disc disease had no more than a
minimal effect on his ability to work, and
fibromyalgia was not a medically determin-
able impairment. *See Webb v. Barnhart*,
433 F.3d 683, 686-87 (9th Cir. 2005) (ex-
plaining that impairments are non-severe
if they have no more than a minimal effect
on a claimant's ability to work). Any error
in failing to specifically discuss lumbar
spondylosis, joint pain, myalgia, and myo-
sitis at step two is harmless because the
ALJ considered all the evidence in assess-
ing Cramer's residual functional capacity
(RFC), and Cramer fails to identify any
medical evidence supporting additional
functional limitations that the ALJ did not
consider. *See Lewis v. Astrue*, 498 F.3d
909, 911 (9th Cir. 2007) (any error in fail-
ing to find an impairment severe at step
two is harmless if the ALJ considers any
resulting limitations in assessing a claim-
ant's RFC).

The ALJ provided clear and convincing
reasons to reject Dr. Knapp's opinion, rea-
soning that Dr. Knapp's opinion as to
Cramer's ability to work was inconsistent
with: (1) Dr. Knapp's own conclusion that
Cramer could perform most daily activi-
ties, (2) Cramer's actual work history, and
(3) Cramer's volunteer work, which includ-
ed spending four hours a day on the com-
puter. *See Ghanim v. Colvin*, 763 F.3d
1154, 1162 (9th Cir. 2014) (explaining that
inconsistency with a claimant's activities is
a proper reason to reject a physician's

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.

opinion); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (concluding that the ALJ properly rejected physicians' opinions based on inconsistency with the claimant's past ability to work despite their limitations and inconsistency with a physician's own clinical observations).

The ALJ reasonably rejected Dr. Harmon's opinion because it relied entirely upon Dr. Knapp's opinion, which the ALJ reasonably rejected. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (the ALJ does not need to accept a medical opinion that. is inadequately supported by clinical findings).

The ALJ did not err by failing to discuss additional treatment notes that were neither significant nor probative. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012).

The ALJ provided several clear and convincing reasons to reject Cramer's testimony. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ reasonably discredited Cramer's testimony regarding the extent of his functional limitations based on his inconsistent statements regarding the dates and duties of his previous employment. *See Ghanim*, 763 F.3d at 1163 (including inconsistent statements as a reason that the ALJ may rely on to discredit claimant testimony). Second, the ALJ reasonably discredited Cramer's testimony of debilitating symptoms based on inconsistency with Cramer's activities. *See Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012). Third, the ALJ properly discredited Cramer's testimony based on inconsistencies with relatively mild mental status examinations. *Id.* at 1113 (concluding that the ALJ properly discredited claimant testimony that was inconsistent with the medical record). Fourth, the ALJ reasonably discredited Cramer's testimony based upon Cramer's inadequately explained failure to take any medications. *Id.* at 1112.

The ALJ properly included all limitations that were supported by substantial evidence in the RFC and hypothetical to the vocational expert (VE). *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174-76 (9th Cir. 2008) (concluding that the claimant fails to raise a fresh issue based on the RFC and VE testimony by restating earlier arguments about the medical evidence).

Substantial evidence continues to support the ALJ's opinion despite the new evidence considered by the Appeals Council. *See Gardner v. Berryhill*, 856 F.3d 652, 658 (9th Cir. 2017) (explaining that this Court must determine whether substantial evidence supports the ALJ's reasoning considering new evidence considered by the Appeals Council). Although the ALJ did not consider the new evidence medical opinion evidence that Cramer would be precluded from work due to an inability handle social interactions, supervision, and agitation, the ALJ considered similar limitations, and rejected them as inconsistent with Cramer's activities, past work, and volunteer work. The same reasoning applies to discredit the new evidence, and substantial evidence continues to support the ALJ's determination.

**AFFIRMED.**